UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS DRUGER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:20 CV 759 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

Douglas Druger asks me to reconsider my Memorandum and Order and Judgment denying his 2255 motion and certificate of appealability. ECF 20, 21. Druger argues that I should have held an evidentiary hearing on his ineffective assistance of counsel claim based on his counsel's alleged failure to obtain evidence and adequately advise him during plea negotiations.

As I explained in the Memorandum and Order denying relief, I held an ex parte hearing on this very issue before trial started. During that hearing, counsel laid out the extensive evidence produced by the government and reviewed by defendant prior to trial. When I asked Druger what discovery he was concerned he had not seen, he admitted that he was complaining only because he "wasn't for sure what else had been given to [counsel] that [he] hadn't received" and that he believed the government's evidence "was more speculative than, rather, facts . . . ."

I therefore delayed the start of the trial for several hours so that Druger could again review all the evidence the government intended to introduce at trial. Druger did so, and then withdrew his request to represent himself at trial. This happened the day before the *Frye* hearing on the second day at trial, during which the government laid out its final plea offer and defendant Druger confirmed that, after having sufficient opportunity to discuss the plea offer, he rejected it. (ECF 325 at 116 in Criminal Case No. 4:16CR380 CDP-2). Any argument that counsel was ineffective during plea negotiations because Druger was unaware of the evidence against him is conclusively refuted by the record, so no evidentiary hearing was required to reject this claim.

To the extent Druger now attempts to claim that it was really his counsel's idea to reject the numerous plea offers made to him, that argument is flatly contradicted by his previous allegations made in this 2255 proceeding and by the underlying record in this case. Druger cannot now contradict his previous representations that he made the decision to reject the plea offers made to him not based on any advice from his attorney, but because he believed his guidelines range was "unreasonable," (ECF 1 at 34), he did not want to waive an evidentiary hearing by pleading guilty (ECF 1 at 35), he was unable or unwilling to cooperate with the government (ECF 1 at 34), he did not fully appreciate the evidence against him, and he did not like the later plea deals made to him. (ECF 1 at 38).

2

Moreover, the record conclusively refutes his latest allegation.  As I set out in detail in the Memorandum and Order denying 2255 relief, I held four *Frye* hearings with Druger to discuss each of the five plea offers made to him, and at each hearing, Druger confirmed that he understood the terms of the plea offer but that he – and only he -- made the decision to reject it.  As much as Druger may regret his decisions now, they cannot be attributed to any ineffectiveness of counsel.

I will not reconsider my prior decision to deny Druger 2255 relief as I continue to believe that his claims are conclusively refuted by the record already before me, and I again decline to issue a certificate of appealability as I continue to believe that Druger has not made a substantial showing of the denial of any constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that Douglas Druger's motion for discovery and reconsideration [22] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Druger has not made a substantial showing of the denial of a federal constitutional right.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of May, 2023.